IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL H. NORWOOD                                                 PLAINTIFF

                v.                      Civil No. 04-6111

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

       The plaintiff in this case has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*. Both parties have filed appeal briefs (Doc. #8 & 7). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

       The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted here except as necessary.

       The plaintiff asserts disability due to: hypertension; non insulin dependent diabetes mellitus; obesity; discrepancy in leg length and circumference; degenerative arthritis of bilateral knees; and, Hepatitis-C. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts that the ALJ erred: in failing to evaluate the severity of his impairments, specifically with respect to his residual functional capacity (hereinafter "RFC"); in failing to credit the treating physician's RFC

assessment; and, in fully and fairly develop the record.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b)*. If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520(c); see 20 C.F.R. § 404.1526*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e)*. If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f)*. If so, benefits are denied; if not, benefits are awarded.

The plaintiff's current application was filed on February 13, 2003, alleging an onset date of January 2, 2002, for disability (T. 53-55). An administrative hearing was held on January 8, 2004 (T. 131-170), after which the ALJ issued his written decision, dated March 31, 2004, containing the following relevant findings:

2. The claimant has engaged in substantial gainful activity since the alleged onset of disability, as set forth in the decision.

3. The claimant's diabetes mellitus and obesity are "severe" impairments, based on the requirements in the Regulations (20 CFR § 404.1520(c)).

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 out of 8 hours; and sit 6 out of 8 hours.

7. The claimant's past relevant work as an automobile salesman, mobile home salesman, restaurant manager, siding salesman, and real estate salesman did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).

8. The claimant's medically determinable impairments do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(e)).

(T. 13).

## Discussion:

This court's review is limited to whether the decision of the Commissioner to deny disability benefits to the plaintiff is supported by substantial evidence on the record as a whole. *Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir.1995).* Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a

conclusion. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir.1996). The undersigned must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir.1996) (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993). The decision should not be reversed "merely because substantial evidence would have supported an opposite conclusion." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995) (citation omitted).

Moreover, the court's review is not simply "a rubber stamp for the [Commissioner's] decision and involves more than a search for evidence supporting the [Commissioner's] findings." *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). Indeed, "[t]o determine whether existing evidence is substantial, '[the court] must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it.' " *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir.1999) (quoting *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993))*. In addition, the court's review of the decision must include a determination as to whether the proper legal standards were applied. *See Nettles v. Schweiker, 714 F.2d 833, 835-36 (8th Cir.1983)*. Thus, this court's review is both limited and deferential to the agency. See *Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir.1996)*.

The plaintiff bears the burden of proving that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least 12 months or result in death. *42 U.S.C. § 423(d)(1)(A)*. See also, *Ingram v. Chater, 107 F.3d 598, 601 (8th Cir.1997); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.1983)*. Further, the plaintiff has the burden of showing that he is not able to perform

-4-

his past relevant work. *Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir.1994)*. Thus, the plaintiff has a responsibility to present the strongest case possible. See *Thompson v. Sullivan, 928 F.2d 255, 260 (8th Cir.1991)*.

In order to qualify for disability benefits, "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only by [a claimant's] statement of symptoms." *20 C.F.R. § 404.1508*. Signs are "anatomical, physiological or psychological abnormalities which can be observed apart from [a claimant's] statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques." *20 C.F.R. § 404.1528(b)*. "Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques." *20 C.F.R. § 404.1528(c)*.

In evaluating the plaintiff's subjective complaints, the ALJ must consider the plaintiff's allegations of pain, but also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir.1992)*. The ALJ may discredit subjective complaints inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir.1993)*. The law on this issue is clear. Under *Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir.1984)* (subsequent history omitted), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995);* see also *Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*.

AO72A
(Rev. 8/82)

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler, 739 F.2d at 1322*. The ALJ "may not disregard the claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Harris v. Shalala, 45 F.3d at 1193* (citing *Polaski v. Heckler, 739 F.2d at 1321-22*).

To determine whether the ALJ properly applied the factors listed in *Polaski,* we must determine whether the ALJ took into account all relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987)*. Further, the ALJ must acknowledge and consider the *Polaski* factors before discounting subjective complaints. *Brown v. Chater, 87 F.3d 963, 966 (8th Cir.1996)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988)*.

Although plaintiff offers several grounds for reversal/remand of the ALJ's decision, his arguments are not closely tethered to the record. Thus, the undersigned has carefully considered the administrative record. In this vein, it is noted that the objective medical evidence is scant.

Plaintiff testified that on good days, he has limited activity, and he helps his wife around the house, cleaning the kitchen or mopping the floor. He does some of the cooking and just "normal activities like that." He can no longer push his lawn mower up the hill, but although he struggles, he gets the trash pulled up the hill. (T. 154) He has difficulty with stairs. He can

drive to the grocery store and do the shopping without much difficulty, but getting the groceries from the car into the house is problematic (T. 157). He stated he never has been involved with churches and clubs, but he does still visit with people, usually at his home (T. 157-158). He occasionally fishes, but has difficulty getting in and out of the boat. Once in the boat, he is able to fish for "a couple of hours." (T. 158).

After his alleged onset date, the plaintiff went back to work for what he considered a "trial work attempt" (T. 159-160). He drew unemployment benefits for approximately three months, as well (T. 160-161). According to the plaintiff, he can lift and carry ten pounds, if he does not have to squat down and pick it up (T. 162). He stated he can walk 30 minutes to an hour and he can stand for about an hour (T. 162).

In documentation supplied to the Social Security Administration, the plaintiff reports that he can do the following: bathe, dress, shave and care for his hair; wash dishes, change sheets, iron, vacuum/sweep, take out the trash, wash the car and rake leaves; shop for groceries and clothes, bank and run to the post office; prepare sandwiches, frozen dinners, meats, vegetables, desserts, and dishes that require a recipe; pay bills, use a checkbook and count change; drive, even on unfamiliar routes; attend church, watch television, listen to the radio; read and visit with friends (T. 86-87).

Further, the ALJ noted that plaintiff reported working after his alleged onset date, from October 8, 2002 to January 31, 2003, stating:

> ...yet his earnings record shows that he earned $3,243.60 in 2002 (Exhibit 4D).
> ...He indicated he worked 50 hours per week, but then was let go because it was difficult for him to stand all day. He denied any special work accommodations.

(T. 9). Thus, the ALJ concluded that the plaintiff engaged in substantial gainful activity

AO72A
(Rev. 8/82)

(hereinafter "SGA"), during this time period (T. 9). And, although the plaintiff engaged in work activity from January 2002 until October 8, 2002, the ALJ concluded that this activity did not rise to the level of SGA (T. 9). Nonetheless, even if work is insufficient to amount to substantial gainful activity, it may nevertheless show that plaintiff had the capacity to work. *Starr v. Sullivan, 981 F.2d 1006, 1008 n. 3 (8th Cir.1992).* Acts which are inconsistent with an assertion of disability by the plaintiff seeking social security benefits reflect negatively on his credibility. *Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir.2001).*

The ALJ considered the plaintiff's subjective complaints in light of the criteria set forth in *Polaski*, and found that they lacked credibility (T. 11-12). Plaintiff remains capable of performing significant daily activities, as noted above, and these reported activities are not inconsistent with the determined light work level. *Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir.1998).* Plaintiff's hypertension is controlled by medication (T. 109-111, 115, 123-124). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir.1999).*

While plaintiff has been diagnosed with non insulin dependent diabetes mellitus, and suffers from obesity and arthritic knees, the ALJ properly focused on plaintiff's ability to function despite his impairments, rather than diagnoses. *Trenary v. Bowen, 989 F.2d 1361, 1364 (8th Cir.1990).* Plaintiff stated that on an average day, he does "most normal activities" (T. 89), and remains able to tend to his personal needs (T. 101).

The undersigned notes that the ALJ considered the one page, check the box form submitted by Dr. Erwin, but discounted it because it did not provide any explanation in support of the boxes checked (T. 12). This was proper, in that the ALJ may a discount conclusory

-8-

statement not supported by medical diagnoses based on objective evidence. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003). To the extent that Dr. Erwin's progress notes are legible, they do not appear to support the restrictions checked by the doctor on the form (T. 109-128).

On judicial review, the ALJ's decision must be affirmed if it is supported by substantial evidence in the record as a whole, with "substantial evidence" being less than a preponderance, but enough that a reasonable mind might find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d at 1147.

**Conclusion:**

Accordingly, we conclude that the decision of the ALJ, herein, denying benefits to the plaintiff, is supported by ample record evidence, and should be affirmed. Further, we find that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 12th day of September, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)